808 F.2d 836
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Michael Lee BAKER, Appellant.
 No. 86-5519.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 10, 1986.
Decided Dec. 15, 1986.
 
 Before WINTER, Chief Judge, BUTZNER, Senior Circuit Judge, and McMILLAN, United States District Judge for the Western District of North Carolina, sitting by designation.
 John H. Culver, III (Miles & Stockbridge, Anna Mary Culver, Shawe & Rosenthal on brief) for appellant.
 Stephen M. Schenning, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney on brief) for appellee.
 PER CURIAM:
 
 
 1
 A jury convicted Michael Lee Baker of three charges of violating 18 U.S.C. Sec. 1001, which renders criminally liable any person who "knowingly and willfully falsifies ... a material fact, or makes any false, fictitious or fraudulent statements or representations" regarding "any matter within the jurisdiction of any department or agency of the United States...." The charges pertain to claims that Baker submitted, pursuant to Defense Department regulations, for reimbursement of moving expenses. Baker appeals, but we find no merit in his appeal, and therefore affirm.
 
 
 2
 Baker argues that the evidence was insufficient to establish that he had made a false statement, for purposes of Count I. However, the government presented testimony from two witnesses who contradicted Baker's assertions of truthful disclosure. The jury was free to credit the testimony of the government witnesses, and conclude that a false statement had been made by Baker.
 
 
 3
 We find no error in the district court's failure to instruct the jury as to the availability of the reliance defense. The absence of a timely objection effectively waived this issue on appeal. In any event, the record indicates that the prerequisites to the defense--full disclosure and good faith reliance on expert advice--were lacking in this case.
 
 
 4
 Baker further argues that the evidence was insufficient to establish that he had acted "knowingly and willfully," for purposes of Counts I and II.[1] Here, as well, there was ample testimony from which the jury could conclude that Baker was not only aware of the falsity of the submitted statements, but had actively worked to create (and, in some cases, procure) the false statements.
 
 
 5
 As to Count III, Baker contends that because the government did not take into account the fictitious receipt (designed to look as if it was from a professional moving company) which he submitted for reimbursement, this admittedly false statement was not material. This argument ignores the settled principle that a misstatement need only have the capacity to influence governmental action; no proof of actual influence is needed. Testimony from government witnesses concerning the significance of the appearance of submitted receipts satisfies this requirement.
 
 
 6
 Baker's motion to supplement and correct the record in relation to Count II is denied. The issues which Baker seeks to address were not developed in the district court. Rule 10(e), F.R.App.P., will not permit these issues to be raised for the first time now. Even if we were to grant the motion, it is unlikely that Baker's allegations, if proven, would warrant reversal of his Count II conviction; the allegations do not negate the conclusion that Baker intentionally submitted falsified documents to the government.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Although Baker suggests that the district court erred in failing to instruct the jury on the need to find "specific intent to defraud," we have previously held that such a finding is not required under Sec. 1001. See Nilson Van & Storage v. Marsh, 755 F.2d 362, 367 (4 Cir.), cert. denied, 106 S.Ct. 65 (1985)